# EXHIBIT 2



Surety Group
801 South Figueroa Street Suite 700
Los Angeles, CA 90017 USA

# General Indemnity Agreement
Judicial Bonds

This Agreement of Indemnity, made and entered into this _____9/20/2022_____ is executed by the Undersigned for the purpose of indemnifying American Contractors Indemnity Company, Texas Bonding Company, United States Surety Company, U. S. Specialty Insurance Company and/or HCC Surety Group, herein referred to as "Surety," in connection with any Bonds written on behalf of _____
_____BRIDGELINK ENGINEERING, LLC_____ herein referred to as "Principal."

1. **DEFINITIONS** – The following definitions apply in this Agreement:
   **Bond** – Any contractual obligation undertaken by Surety for Principal, before or after the date of this Agreement and any renewal or extension of said obligation.
   **Principal** – The person(s) or entity(ies) set forth above or any one of them or any combination thereof, or their successors in interest, whether alone or joint venture with others named herein or not.
   **Surety** – American Contractors Indemnity Company, Texas Bonding Company, United States Surety Company, U. S. Specialty Insurance Company and/or HCC Surety Group, and any other person(s) or entity(ies) which the Surety may procure to act as a Surety or as a co-Surety on any Bond, or any other person or entity who executes a Bond at the request of the Surety.
   **Indemnity Agreement** - This term shall also include all other documents executed by the Undersigned or any one of them in connection with the issuance of any obligation prior to or subsequent to the date of this Agreement.
   These documents are incorporated herein for all purposes.
   **Undersigned** - The executing parties to this Agreement as well as any other party executing a bond obligation covered by this Agreement. Each of the Undersigned are jointly and severally obligated under this Agreement.

2. **INDEMNITY** – In consideration of the execution and delivery by the Surety of a Bond or Bonds on behalf of the Principal, either prior to, in connection with or subsequent to this Agreement, the Undersigned agrees to exonerate, indemnify and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature (including, but not limited to, interest, court costs and counsel fees) which arise by reason of , or in consequence of, the execution by the Surety of any Bond on behalf of the Principal and whether or not the Surety shall have paid any sums in partial or complete payment thereof, including but not limited to: sums paid including interest, liabilities incurred in settlement of claims, expenses paid or incurred in connection with claims, suits, or judgments under such Bonds; expenses paid or incurred in enforcing the terms of this Agreement; expenses paid or incurred in procuring or attempting to procure release from liability under its Bond by Surety; expenses incurred in recovering or attempting to recover losses or expenses paid or incurred; attorneys fees and all legal or professional services; adjustment of claims; premiums on Bonds issued by Surety on behalf of the Principal; or monies advanced or loaned.

In furtherance of such indemnity:
   A. The liability of the Undersigned shall extend to and include all amounts paid by the Surety in good faith under the belief that the Surety was or might be liable, or that such payments were necessary or advisable to protect any of Surety's rights.
   B. Surety shall have the right to incur such expenses in handling a claim as it shall deem necessary, including but not limited to the expense for investigative, accounting, collection, litigation costs and legal services (including in-house counsel).
   C. Surety shall have all rights set out herein, irrespective of the fact that the Undersigned may have assumed, or offered to assume, the defense of the Surety upon such claim.
   D. In any claim or suit hereunder, an itemized statement of the aforesaid losses and expenses or the vouchers or other evidence of disbursement by Surety; shall be prima facie evidence of the fact of the liability hereunder of the Undersigned.
   E. Surety shall have the right to reimbursement of its expenses, premiums and attorneys' fees, including in- house attorneys' fees, costs and expenses hereunder, irrespective of whether any payment has been made by Surety.

    F. The Surety shall have the exclusive right for itself and for the Undersigned to decide and determine whether any claim, demand, suit, or judgment shall, on the basis of liability, expediency or otherwise, be paid, settled, defended or appealed, and the Surety's determination shall be final, conclusive and binding upon the Undersigned.

    G. If the Undersigned desire that the Surety litigate a claim or demand, or defend suit, or appeal from such judgment, they shall deposit with the company, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount to be used in paying any judgment rendered, or which might be rendered, against Surety together with interest, costs and attorneys' fees.

    H. The parties agree that the place of performance of this agreement, including the promise to pay Surety, shall be the County of Los Angeles, State of California and venue for any suit, arbitration, mediation or any other form of dispute resolution shall be in Los Angeles County, California.

3. **COLLATERAL SECURITY** – If a claim or demand is made against Surety, whether disputed or not, or Surety deems it necessary to establish a reserve for potential claims, and upon demand from Surety, the Undersigned shall deposit with Surety cash or other property acceptable to Surety, as collateral security, in a sufficient amount to protect Surety with respect to such claim or potential claims and any expense or attorneys' fees. Such collateral may be held or utilized by Surety until it has received evidence of its complete exoneration and discharge from such claim or potential claims, and until it has been fully reimbursed for all loss, expense, attorneys' fees and unpaid premiums. If said collateral, or collateral previously deposited with Surety, is deemed insufficient by Surety, the Undersigned agrees to deposit additional or substitute collateral in an amount and type acceptable to Surety. This may include the Surety's demand for cash collateral in substitution for trust deed collateral.

4. **ASSIGNMENT** – As security for the performance of all the provisions of this Agreement, effective as of the date of this Agreement, the Undersigned hereby assign, transfer, pledge and convey to Surety all of their right, title, interest and estate in and to all real and personal property which the Undersigned now own or hereinafter acquire, including all income and receipts therefrom and increases and appreciation thereon, said assignment to include but not be limited to:

    A. Any and all sums due or which may hereafter become due under any contract and all other sums due or to become due on all other contracts, in which any of the Undersigned have an interest.

    B. All rights arising out of notes, accounts receivable, and any claims of any kind and court actions.

    C. Any and all undisbursed loan funds, deposit accounts or interest reserve accounts to which the Undersigned may be entitled, and any and all collateral for the undertakings given by the Undersigned in connection with any contract.

5. **POWER OF ATTORNEY** – The Undersigned hereby irrevocably nominates, constitutes, appoints and designates the Surety or its designees as their attorney-in-fact with the power, but not obligation, to exercise all of the rights assigned, transferred and set over to the Surety by the Undersigned in this Agreement, and to make, execute and deliver any and all additional or other assignments, documents or papers, including but not limited to the execution of to further the intent of this Agreement, the endorsement of checks certificate of deposits or other instruments payable to any of the Undersigned, settle all claims and disputes that may arise under the bond or bonds including the execution of releases and settlement documents. The Undersigned hereby ratifies and affirms all acts and actions taken and done by the Surety or its designee as attorney-in-fact.

6. **WAIVER OF NOTICE** –The Undersigned agree that the Surety need not give notice to the Undersigned of any act, fact or information coming to the notice or knowledge of the Surety concerning or affecting Sureties rights or liabilities under any such Bond or Undersigned rights or liabilities hereunder, notice of all such information being hereby expressly waived. The liability of the Undersigned as to the future Bonds of Principal shall not terminate by reason of the failure of Surety to disclose facts known about the Principal, even though such facts materially increase the risk beyond that which the Undersigned might intend to assume. Whether Surety may have reason to believe such facts are unknown to the Undersigned, or whether Surety may have reasonable opportunity to communicate such facts to Undersigned, the Undersigned hereby waives notice and disclosure of such facts or information.

7. **TERMINATION** – This Agreement is a continuing obligation of the Undersigned until Surety is exonerated and released from any liability under bonds issued to the Principal. The Undersigned may terminate their liability for any future bonds by written notice to Surety and such termination by a particular Undersigned shall in no way affect the obligation of any other Undersigned who has not given such notice. In order to terminate liability as to future Bonds of Principal, an Undersigned must:

    A. Give written notice by means of certified mail to Surety at Surety's home office; and

DocuSign Envelope ID: E4292C6A-2F5F-42A4-BE29-F209691CC31A

B. State in such notice the name of the principal, Undersigned and the effective date (not less than thirty days after receipt thereof of Surety) of termination of such Undersigned's liability for future Bonds.

After the effective date of such termination by giving written notice, the Undersigned shall nonetheless be liable hereunder for Bonds executed or authorized prior to such date, and renewals, substitutions and extensions thereof.

8. **GENERAL PROVISIONS**
   A. The obligations of the Undersigned hereunder are joint and several. Surety may bring separate suits hereunder against any of the Undersigned as causes of action may accrue hereunder. Surety need not proceed first against the Principal.
   B. Undersigned warrants that each of them is specifically and beneficially interested in obtaining each Bond and agrees to pay the initial, renewal, and additional premiums thereon, at the Surety's filed rate at the time of renewal. The Undersigned agree that the initial premium is fully earned upon execution of said Bond.
   C. Surety shall have the right, at its option and in its sole discretion, to issue or decline the execution of any Bond or renewal thereof.
   D. If the execution of this Agreement by any of the Undersigned be found defective or invalid for any reason, such defect or invalidity shall not affect the validity of this Agreement with respect to any of the other Undersigned. The invalidity of any provision of this Agreement by reason of the law of any state or by any other reason shall not affect the validity of any other provision of this Agreement.
   E. The Surety may, at its option , file or record this Agreement or any other document executed by any or all the Undersigned, individually or jointly, in connection with the application, issuance or execution of any Bond or Bonds, or renewal thereof, coming within the scope of this instrument as: a security agreement or as part of a financing statement or, as notice of its prior interest and assignment under the provisions of the Uniform Commercial Code or any other statute, ordinance or regulation of any jurisdiction or agency. The filing or recording of such document shall be solely at the option of the Surety. The failure to so file shall not release or discharge any of the obligations of the Undersigned under this Agreement. A copy or other reproduction of this Agreement or of any other documents filed or recorded by the Surety, is sufficient as a financing statement, security agreement or notice of prior interest under this Agreement.
   F. The Surety shall have the right to fill in any blanks and to correct any errors in the documents.
   G. The Undersigned waives any defense that this instrument was executed subsequent to the date of any such Bond, admitting and covenanting that such Bond was executed pursuant to the Undersigned's request and in reliance on the Undersigned's promise to execute this instrument.
   H. This Agreement may not be changed or modified without the written consent of Surety. Any amendment of the Agreement for one of the undersigned shall not release any of the other Undersigned.
   I. In the event any of the Undersigned shall fail to execute this instrument or become insolvent, or in the event any of the Undersigned who execute this Agreement, shall not be bound for any reason, the other Undersigned shall, nevertheless, be bound hereunder for the full amount of the liability as aforesaid.
   J. No course of conduct or failure to timely exercise any rights under this Agreement shall constitute waiver of future enforcement of the rights and obligations hereunder.
   K. The liability of the Undersigned hereunder shall not be affected by: (a) the failure of the Principal to sign any Bond, (b) any claim that other indemnity or security was to have been obtained, (c) the release of any indemnity, (d) the return or the exchange of any collateral that may have been obtained.
   L. The issuance of a Bond to the Undersigned is conditioned upon the Undersigned's retention of competent legal representation in the proceeding for which the Bond is provided and throughout the duration of any time which the Bond is in effect.
   M. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9. **CREDIT RELATIONSHIP** – Each of the Undersigned further affirms that he understands Bonds are a credit relationship and hereby authorizes the Surety to gather such credit information it considers necessary and appropriate for purposes of evaluating whether such credit should be affected or continued.

**NOTICE: THIS IS A LEGALLY BINDING AGREEMENT THAT SETS OUT RIGHTS AND OBLIGATIONS WHEN YOU SIGN THIS AGREEMENT**

Undersigned:

## INDIVIDUAL(s)

**Individual #1**

COLE W. JOHNSON
*Printed Individual Name*

Signature: *Cole W. Johnson* (DocuSigned, 35CDDF1D7CDD42C...)

1301 OLD TIN TOP RD., WEATHERFORD, TX 76087
*Address*

COLE.JOHNSON@CWJ-BL.COM
*Email Address*

**Individual #2**

CORD H. JOHNSON
*Printed Individual Name*

Signature: (DocuSigned, 4F5F684DDE6A47A...)

1677 CENTER POINT RD. WEATHERFORD, TX 76087
*Address*

CORD@CHJ-BL.COM
*Email Address*

**Individual #3**

*Printed Individual Name*

*Signature*

*Address*

*Email Address*

**Individual #4**

*Printed Individual Name*

*Signature*

*Address*

*Email Address*

**Individual #5**

*Printed Individual Name*

*Signature*

*Address*

*Email Address*

**Individual #6**

*Printed Individual Name*

*Signature*

*Address*

*Email Address*

**Individual #7**

*Printed Individual Name*

*Signature*

*Address*

*Email Address*

**Individual #8**

| | |
|---|---|
| *Printed Individual Name* | *Signature* |
| *Address* | *Email Address* |

**Individual #9**

| | |
|---|---|
| *Printed Individual Name* | *Signature* |
| *Address* | *Email Address* |

**Individual #10**

| | |
|---|---|
| *Printed Individual Name* | *Signature* |
| *Address* | *Email Address* |

## CORPORATE/LLC/TRUST/OTHER ENTITY

**Corporate/LLC/Trust/Other Entity #1**

BRIDGELINK ENGINEERING, LLC; 777 MAIN STREET, STE 2800, FORT WORTH, TX 76102
*Printed Principal or Indemnitor Name and Address*

COLE W. JOHNSON, MEMBER OF BRIDGELINK ENGINEERING, LLC, MANAGER OF BRIDGELINK POWER OPERATING, LLC, SOLE MEMBER OF BRIDGELINK POWER, LLC, SOLE MEMBER OF BRIDGELINK POWER HOLDINGS, LLC;

*Signature:* Cole W. Johnson (DocuSigned, 35CDDF1D7CDD42C...)

COLE.JOHNSON@CWJ-BL.COM

*Printed Name and Title of Authorized Signer* — *Authorized Signature* — *Email Address*

**Corporate/LLC/Trust/Other Entity #2**

BRIDGELINK ENGINEERING, LLC; 777 MAIN STREET, STE 2800, FORT WORTH, TX 76102
*Printed Principal or Indemnitor Name and Address*

CORD H. JOHNSON, MEMBER OF BRIDGELINK ENGINEERING, LLC, MANAGER OF BRIDGELINK POWER OPERATING, LLC, SOLE MEMBER OF BRIDGELINK POWER, LLC, SOLE MEMBER OF BRIDGELINK POWER HOLDINGS, LLC;

*Signature:* (DocuSigned, 4F5F684DDE6A47A...)

CORD@CHJ-BL.COM

*Printed Name and Title of Authorized Signer* — *Authorized Signature* — *Email Address*

**Corporate/LLC/Trust/Other Entity #3**

BRIDGELINK ENGINEERING, LLC; 777 MAIN STREET, STE 2800, FORT WORTH, TX 76102
*Printed Principal or Indemnitor Name and Address*

COLE W. JOHNSON, PRESIDENT

*Signature:* Cole W. Johnson (DocuSigned, 35CDDF1D7CDD42C...)

COLE.JOHNSON@CWJ-BL.COM

*Printed Name and Title of Authorized Signer* — *Authorized Signature* — *Email Address*

**Corporate/LLC/Trust/Other Entity #4**

| | | |
|---|---|---|
| *Printed Principal or Indemnitor Name and Address* | | |
| *Printed Name and Title of Authorized Signer* | *Authorized Signature* | *Email Address* |

| **Corporate/LLC/Trust/Other Entity #5** |
|---|
| *Printed Principal or Indemnitor Name and Address* |
| *Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address* |
| **Corporate/LLC/Trust/Other Entity #6** |
| *Printed Principal or Indemnitor Name and Address* |
| *Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address* |
| **Corporate/LLC/Trust/Other Entity #7** |
| *Printed Principal or Indemnitor Name and Address* |
| *Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address* |
| **Corporate/LLC/Trust/Other Entity #8** |
| *Printed Principal or Indemnitor Name and Address* |
| *Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address* |
| **Corporate/LLC/Trust/Other Entity #9** |
| *Printed Principal or Indemnitor Name and Address* |
| *Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address* |
| **Corporate/LLC/Trust/Other Entity #10** |
| *Printed Principal or Indemnitor Name and Address* |
| *Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address* |