# EXHIBIT 5



8350 N. Central Expressway
Suite 1550
Dallas, Texas 75206
P: 214.865.6126
F: 214.865.6140
gweinstein@weinrad.com
weinrad.com

April 25, 2024

***Via Certified Mail, Return Receipt Requested No. <u>9414 7266 9904 2207 0943 75</u>***
***Via U.S. First Class Mail***

Mr. Cord H. Johnson
15105 Stragazer Drive
Aledo, Texas 76008-1606

***Via Certified Mail, Return Receipt Requested No. <u>9414 7266 9904 2207 0943 82</u>***
***Via U.S. First Class Mail***

Mr. Cole W. Johnson
777 Main Street, Suite 2800
Fort Worth, Texas 76102

***Via Certified Mail, Return Receipt Requested No. <u>9414 7266 9904 2207 0943 99</u>***
***Via U.S. First Class Mail***

Mr. Cole W. Johnson
President
Bridgelink Engineering, LLC
777 Main Street, Suite 2800
Fort Worth, Texas 76102

   Re: General Indemnity Agreement dated September 20, 2022 ("**GIA**") and executed by Bridgelink Engineering, LLC; Cord H. Johnson; and Cole W. Johnson (collectively, the "**Indemnitors**") for the benefit of U.S. Specialty Insurance Company ("**USSIC**")

Dear Messrs. Johnson and Johnson:

   Bridgelink Engineering, LLC ("**Bridgelink**") approached USSIC about issuing a release of lien bond. Prior to issuing the release of lien bond, USSIC required indemnity to protect it from potential loss under the release of lien bond. The Indemnitors satisfied the indemnity requirement of USSIC by executing the GIA. A courtesy copy of the GIA is enclosed for your reference and review. Relying on the GIA, USSIC issued Release of Lien Bond No. 100685835 for the benefit of Bridgelink on a Texas Property Code lien recorded in Bosque County, Texas (the "**Bond**"). The purpose of this letter is to address the obligations of the Indemnitors under the GIA including their obligations to post collateral with USSIC; and/or to procure the release of the Bond.

Mr. Cord H. Johnson
Mr. Cole W. Johnson
Bridgelink Engineering, LLC
April 25, 2024
Page 2

Bridgelink subcontracted engineering services to Mining Controls, LLC d/b/a Elgin Power Solutions ("**EPS**") for the Dileo Solar Substation project located in Bosque County, Texas (the "**Project**"). EPS alleges that it provided engineering services to Bridgelink that Bridgelink failed to pay in the amount of $319,258.16. EPS recorded an Affidavit for Mechanic's and Materialman's Lien in Bosque County Real Property Records on July 15, 2022; recorded a First Amended Affidavit for Mechanic's and Materialman's Lien on August 11, 2022; and recorded a Second Amended Affidavit for Mechanic's and Materialman's Lien on September 1, 2022 under Instrument No. 2022-03521 (collectively, the "**Lien**"). Bridgelink filed suit against EPS in Bosque County on September 6, 2022 in the case styled *Bridgelink Engineering, LLC v. Mining Controls, LLC d/b/a Elgin Power Solutions*; Cause No. CV22-232; in the 220th District Court, Bosque County, Texas (the "**Lawsuit**") alleging EPS defaulted on its subcontract. After the filing of the Lawsuit, Bridgelink obtained the Bond from USSIC in the penal amount of $478,887.24 and had the Bond recorded in Bosque County on September 23, 2022. On December 7, 2022, EPS filed its First Amended Answer and Counterclaim asserting a claim against the Bond to recover the full amount of the Lien, along with all costs and attorneys' fees incurred in pursuit of its claim.

Responsive to the claim asserted against the Bond, USSIC tendered its defense to Bridgelink and its counsel Haven Massey with the law firm of Lovein Ribman, P.C. On January 27, 2023, Mr. Massey filed an answer on behalf of USSIC in the Lawsuit to the claims of EPS. On January 19, 2024, the Court granted an order allowing Mr. Massey and his firm to withdraw as counsel for both Bridgelink and USSIC. As of the date of this letter, Bridgelink has not retained new counsel to prosecute its claims against EPS or to defend the claims asserted by EPS. This firm entered a notice of appearance in the Lawsuit on February 22, 2024 for the purpose of protecting the interests of USSIC and only USSIC.

The Indemnitors contractually agreed to protect the USSIC from loss under the Bond. Paragraph 2 of the GIA provides, in relevant part, the following:

**INDEMNITY** – In consideration of the execution and delivery by the Surety of a Bond or Bonds on behalf of the Principal, either prior to, in connection with or subsequent to this Agreement, the Undersigned agrees to exonerate, indemnity and hold the Surety harmless form and against any and all demands, liabilities, losses, costs, damages, attorney's fees and expenses of whatever kind or nature (including, but not limited to, interest, court costs, and counsel fees) which arise by reasons of, or in consequence of, the execution by the Surety of any Bond on behalf of the Principal and whether or not the Surety shall have paid any sums in partial or complete payment thereof, including but not limited to: sums paid including interest liabilities incurred in settlement of claims, expenses paid or incurred in connection with claims, suits, or judgments under such Bonds; expenses paid or incurred in enforcing the terms of this Agreement; expenses paid or incurred in procuring or attempting to procure release from liability under its Bond by Surety; expenses

Mr. Cord H. Johnson
Mr. Cole W. Johnson
Bridgelink Engineering, LLC
April 25, 2024
Page 3

incurred in recovering or attempting to recover losses or expenses paid or incurred; attorneys fees and all legal or professional services; adjustment of claims; premiums on Bonds issued by Surety on behalf of the Principal; or monies advanced or loaned. . .

F.  The Surety shall have the exclusive right for itself and for the Undersigned to decide and determine whether any claim, demand, suit , or judgment shall, on the basis of liability, expediency or otherwise, be paid, settled, defended or appealed, and the Surety's determination shall be final, conclusive and binding upon the Undersigned.

The Indemnitors also contractually agreed to post collateral to protect USSIC from loss under the Bond.  Paragraph 3 of the GIA provides:

**COLLATERAL SECURITY** – If a claim or demand is made against Surety, whether disputed or not, or Surety deems it necessary to establish a reserve for potential claims, and upon demand from Surety, the Undersigned shall deposit with Surety cash or other property acceptable to Surety, as collateral security, in a sufficient amount to protect Surety with respect to such claim or potential claims and any expense or attorneys' fees.  Such collateral may be held or utilized by Surety until it has received evidence of its complete exoneration and discharge from such claim or potential claims, and until it has been fully reimbursed for all losses, expense, attorneys' fees and unpaid premiums.  If said collateral, or collateral security previously deposited with Surety, is deemed insufficient by Surety, the Undersigned agrees to deposit additional or substitute collateral in an amount and type acceptable to Surety.  This may include the   Surety's   demand   for   cash collateral in substitution for trust deed collateral.

USSIC has exposure under the Bond issued for the benefit of Bridgelink in the total penal limit amount of $478,887.24.  The fact Bridgelink has failed to retain new counsel to represent its interests in the Lawsuit leaves both it and USSIC exposed to liability. For those reasons, USSIC formally requests, pursuant to its rights under Paragraph 3 of the GIA, the Indemnitors to: (a) post collateral security with the USSIC in the amount of $500,000.00, representing the current exposure of USSIC (this amount includes fees and costs) based on the claim asserted by EPS against the Bond as of the date of this letter and/or (b) procure the full and complete release and/or discharge of USSIC from the Bond and all liability or potential liability in connection with the Bond.  If the Indemnitors do not honor these requests by **4:00 PM, CDT, Thursday, May 9, 2024**, USSIC will exercise all remedies available to it under the GIA and applicable law.

USSIC strictly reserves all rights and defenses available under the Bond, the GIA, applicable law, and/or equity. USSIC reserves the right to increase the amount of collateral security required to protect against loss and anticipated loss under the Bond. Neither this letter nor any

Mr. Cord H. Johnson
Mr. Cole W. Johnson
Bridgelink Engineering, LLC
April 25, 2024
Page 4

response by USSIC to the matters described herein constitute an estoppel, waiver, or modification
of any such rights and defenses. Subject to this strict and continuing reservation of rights and
defenses, we look forward to your immediate attention to this matter.

Sincerely,

Gregory M. Weinstein
*Counsel for U.S. Specialty Insurance Company*

GMW/sw

Enclosure

cc:     Ms. Nancy Gomez Tamayo (*Via Electronic Mail w/out encl.*)

        Mr. Cord H. Johnson (*Via U.S. First Class Mail w/encl.*)
        2204 N. Clements Street
        Gainesville, Texas 76240

        Mr. Cord H. Johnson (*Via U.S. First Class Mail w/encl.*)
        P.O. Box 1142
        Weatherford, Texas 76086-1142

        Mr. Cole W. Johnson (*Via U.S. First Class Mail w/encl.*)
        2573 Hadley Street
        Weatherford, Texas 76094

        Mr. Cole W. Johnson (*Via U.S. First Class Mail w/encl.*)
        4204 S. County Road 1128
        Midland, Texas 79706-5051

# GENERAL INDEMNITY AGREEMENT

# (GIA)



# General Indemnity Agreement
## Judicial Bonds

This Agreement of Indemnity, made and entered into this _____9/20/2022_____ is executed by the Undersigned for the purpose of indemnifying American Contractors Indemnity Company, Texas Bonding Company, United States Surety Company, U. S. Specialty Insurance Company and/or HCC Surety Group, herein referred to as "Surety," in connection with any Bonds written on behalf of _____ _____BRIDGELINK ENGINEERING, LLC_____ herein referred to as "Principal."

1.  **DEFINITIONS** – The following definitions apply in this Agreement:
    **Bond** – Any contractual obligation undertaken by Surety for Principal, before or after the date of this Agreement and any renewal or extension of said obligation.
    **Principal** – The person(s) or entity(ies) set forth above or any one of them or any combination thereof, or their successors in interest, whether alone or joint venture with others named herein or not.
    **Surety** – American Contractors Indemnity Company, Texas Bonding Company, United States Surety Company, U. S. Specialty Insurance Company and/or HCC Surety Group, and any other person(s) or entity(ies) which the Surety may procure to act as a Surety or as a co-Surety on any Bond, or any other person or entity who executes a Bond at the request of the Surety.
    **Indemnity Agreement** - This term shall also include all other documents executed by the Undersigned or any one of them in connection with the issuance of any obligation prior to or subsequent to the date of this Agreement. These documents are incorporated herein for all purposes.
    **Undersigned** - The executing parties to this Agreement as well as any other party executing a bond obligation covered by this Agreement. Each of the Undersigned are jointly and severally obligated under this Agreement.

2.  **INDEMNITY** – In consideration of the execution and delivery by the Surety of a Bond or Bonds on behalf of the Principal, either prior to, in connection with or subsequent to this Agreement, the Undersigned agrees to exonerate, indemnify and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature (including, but not limited to, interest, court costs and counsel fees) which arise by reason of , or in consequence of, the execution by the Surety of any Bond on behalf of the Principal and whether or not the Surety shall have paid any sums in partial or complete payment thereof, including but not limited to: sums paid including interest, liabilities incurred in settlement of claims, expenses paid or incurred in connection with claims, suits, or judgments under such Bonds; expenses paid or incurred in enforcing the terms of this Agreement; expenses paid or incurred in procuring or attempting to procure release from liability under its Bond by Surety; expenses incurred in recovering or attempting to recover losses or expenses paid or incurred; attorneys fees and all legal or professional services; adjustment of claims; premiums on Bonds issued by Surety on behalf of the Principal; or monies advanced or loaned.
In furtherance of such indemnity:
    A.  The liability of the Undersigned shall extend to and include all amounts paid by the Surety in good faith under the belief that the Surety was or might be liable, or that such payments were necessary or advisable to protect any of Surety's rights.
    B.  Surety shall have the right to incur such expenses in handling a claim as it shall deem necessary, including but not limited to the expense for investigative, accounting, collection, litigation costs and legal services (including in-house counsel).
    C.  Surety shall have all rights set out herein, irrespective of the fact that the Undersigned may have assumed, or offered to assume, the defense of the Surety upon such claim.
    D.  In any claim or suit hereunder, an itemized statement of the aforesaid losses and expenses or the vouchers or other evidence of disbursement by Surety; shall be prima facie evidence of the fact of the liability hereunder of the Undersigned.
    E.  Surety shall have the right to reimbursement of its expenses, premiums and attorneys' fees, including in-house attorneys' fees, costs and expenses hereunder, irrespective of whether any payment has been made by Surety.

F.  The Surety shall have the exclusive right for itself and for the Undersigned to decide and determine whether any claim, demand, suit, or judgment shall, on the basis of liability, expediency or otherwise, be paid, settled, defended or appealed, and the Surety's determination shall be final, conclusive and binding upon the Undersigned.

G.  If the Undersigned desire that the Surety litigate a claim or demand, or defend suit, or appeal from such judgment, they shall deposit with the company, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount to be used in paying any judgment rendered, or which might be rendered, against Surety together with interest, costs and attorneys' fees.

H.  The parties agree that the place of performance of this agreement, including the promise to pay Surety, shall be the County of Los Angeles, State of California and venue for any suit, arbitration, mediation or any other form of dispute resolution shall be in Los Angeles County, California.

3.  **COLLATERAL SECURITY** – If a claim or demand is made against Surety, whether disputed or not, or Surety deems it necessary to establish a reserve for potential claims, and upon demand from Surety, the Undersigned shall deposit with Surety cash or other property acceptable to Surety, as collateral security, in a sufficient amount to protect Surety with respect to such claim or potential claims and any expense or attorneys' fees. Such collateral may be held or utilized by Surety until it has received evidence of its complete exoneration and discharge from such claim or potential claims, and until it has been fully reimbursed for all loss, expense, attorneys' fees and unpaid premiums. If said collateral, or collateral previously deposited with Surety, is deemed insufficient by Surety, the Undersigned agrees to deposit additional or substitute collateral in an amount and type acceptable to Surety. This may include the Surety's demand for cash collateral in substitution for trust deed collateral.

4.  **ASSIGNMENT** – As security for the performance of all the provisions of this Agreement, effective as of the date of this Agreement, the Undersigned hereby assign, transfer, pledge and convey to Surety all of their right, title, interest and estate in and to all real and personal property which the Undersigned now own or hereinafter acquire, including all income and receipts therefrom and increases and appreciation thereon, said assignment to include but not be limited to:

A.  Any and all sums due or which may hereafter become due under any contract and all other sums due or to become due on all other contracts, in which any of the Undersigned have an interest.

B.  All rights arising out of notes, accounts receivable, and any claims of any kind and court actions.

C.  Any and all undisbursed loan funds, deposit accounts or interest reserve accounts to which the Undersigned may be entitled, and any and all collateral for the undertakings given by the Undersigned in connection with any contract.

5.  **POWER OF ATTORNEY** – The Undersigned hereby irrevocably nominates, constitutes, appoints and designates the Surety or its designees as their attorney-in-fact with the power, but not obligation, to exercise all of the rights assigned, transferred and set over to the Surety by the Undersigned in this Agreement, and to make, execute and deliver any and all additional or other assignments, documents or papers, including but not limited to the execution of to further the intent of this Agreement, the endorsement of checks certificate of deposits or other instruments payable to any of the Undersigned, settle all claims and disputes that may arise under the bond or bonds including the execution of releases and settlement documents. The Undersigned hereby ratifies and affirms all acts and actions taken and done by the Surety or its designee as attorney-in-fact.

6.  **WAIVER OF NOTICE** –The Undersigned agree that the Surety need not give notice to the Undersigned of any act, fact or information coming to the notice or knowledge of the Surety concerning or affecting Sureties rights or liabilities under any such Bond or Undersigned rights or liabilities hereunder, notice of all such information being hereby expressly waived. The liability of the Undersigned as to the future Bonds of Principal shall not terminate by reason of the failure of Surety to disclose facts known about the Principal, even though such facts materially increase the risk beyond that which the Undersigned might intend to assume. Whether Surety may have reason to believe such facts are unknown to the Undersigned, or whether Surety may have reasonable opportunity to communicate such facts to Undersigned, the Undersigned hereby waives notice and disclosure of such facts or information.

7.  **TERMINATION** – This Agreement is a continuing obligation of the Undersigned until Surety is exonerated and released from any liability under bonds issued to the Principal. The Undersigned may terminate their liability for any future bonds by written notice to Surety and such termination by a particular Undersigned shall in no way affect the obligation of any other Undersigned who has not given such notice. In order to terminate liability as to future Bonds of Principal, an Undersigned must:

A.  Give written notice by means of certified mail to Surety at Surety's home office; and

DocuSign Envelope ID: E4292C6A-2F5F-42A4-BE29-F209691CC31A

B.  State in such notice the name of the principal, Undersigned and the effective date (not less than thirty days after receipt thereof of Surety) of termination of such Undersigned's liability for future Bonds.

After the effective date of such termination by giving written notice, the Undersigned shall nonetheless be liable hereunder for Bonds executed or authorized prior to such date, and renewals, substitutions and extensions thereof.

8.  **GENERAL PROVISIONS**

A.  The obligations of the Undersigned hereunder are joint and several. Surety may bring separate suits hereunder against any of the Undersigned as causes of action may accrue hereunder. Surety need not proceed first against the Principal.

B.  Undersigned warrants that each of them is specifically and beneficially interested in obtaining each Bond and agrees to pay the initial, renewal, and additional premiums thereon, at the Surety's filed rate at the time of renewal. The Undersigned agree that the initial premium is fully earned upon execution of said Bond.

C.  Surety shall have the right, at its option and in its sole discretion, to issue or decline the execution of any Bond or renewal thereof.

D.  If the execution of this Agreement by any of the Undersigned be found defective or invalid for any reason, such defect or invalidity shall not affect the validity of this Agreement with respect to any of the other Undersigned. The invalidity of any provision of this Agreement by reason of the law of any state or by any other reason shall not affect the validity of any other provision of this Agreement.

E.  The Surety may, at its option , file or record this Agreement or any other document executed by any or all the Undersigned, individually or jointly, in connection with the application, issuance or execution of any Bond or Bonds, or renewal thereof, coming within the scope of this instrument as: a security agreement or as part of a financing statement or, as notice of its prior interest and assignment under the provisions of the Uniform Commercial Code or any other statute, ordinance or regulation of any jurisdiction or agency. The filing or recording of such document shall be solely at the option of the Surety. The failure to so file shall not release or discharge any of the obligations of the Undersigned under this Agreement. A copy or other reproduction of this Agreement or of any other documents filed or recorded by the Surety, is sufficient as a financing statement, security agreement or notice of prior interest under this Agreement.

F.  The Surety shall have the right to fill in any blanks and to correct any errors in the documents.

G.  The Undersigned waives any defense that this instrument was executed subsequent to the date of any such Bond, admitting and covenanting that such Bond was executed pursuant to the Undersigned's request and in reliance on the Undersigned's promise to execute this instrument.

H.  This Agreement may not be changed or modified without the written consent of Surety. Any amendment of the Agreement for one of the undersigned shall not release any of the other Undersigned.

I.  In the event any of the Undersigned shall fail to execute this instrument or become insolvent, or in the event any of the Undersigned who execute this Agreement, shall not be bound for any reason, the other Undersigned shall, nevertheless, be bound hereunder for the full amount of the liability as aforesaid.

J.  No course of conduct or failure to timely exercise any rights under this Agreement shall constitute waiver of future enforcement of the rights and obligations hereunder.

K.  The liability of the Undersigned hereunder shall not be affected by: (a) the failure of the Principal to sign any Bond, (b) any claim that other indemnity or security was to have been obtained, (c) the release of any indemnity, (d) the return or the exchange of any collateral that may have been obtained.

L.  The issuance of a Bond to the Undersigned is conditioned upon the Undersigned's retention of competent legal representation in the proceeding for which the Bond is provided and throughout the duration of any time which the Bond is in effect.

M.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9.  **CREDIT RELATIONSHIP** – Each of the Undersigned further affirms that he understands Bonds are a credit relationship and hereby authorizes the Surety to gather such credit information it considers necessary and appropriate for purposes of evaluating whether such credit should be affected or continued.

**NOTICE: THIS IS A LEGALLY BINDING AGREEMENT THAT SETS OUT RIGHTS AND OBLIGATIONS WHEN YOU SIGN THIS AGREEMENT**

Undersigned:

## INDIVIDUAL(s)

| | Individual #1 |
|---|---|
| COLE W. JOHNSON | *DocuSigned by:* Cole W. Johnson — 35CDDF1D7CDD42C... |
| *Printed Individual Name* | *Signature* |
| 1301 OLD TIN TOP RD., WEATHERFORD, TX 76087 | COLE.JOHNSON@CWJ-BL.COM |
| *Address* | *Email Address* |

| | Individual #2 |
|---|---|
| CORD H. JOHNSON | *DocuSigned by:* — 4F5F684DDE6A47A... |
| *Printed Individual Name* | *Signature* |
| 1677 CENTER POINT RD. WEATHERFORD, TX 76087 | CORD@CHJ-BL.COM |
| *Address* | *Email Address* |

| | Individual #3 |
|---|---|
| | |
| *Printed Individual Name* | *Signature* |
| | |
| *Address* | *Email Address* |

| | Individual #4 |
|---|---|
| | |
| *Printed Individual Name* | *Signature* |
| | |
| *Address* | *Email Address* |

| | Individual #5 |
|---|---|
| | |
| *Printed Individual Name* | *Signature* |
| | |
| *Address* | *Email Address* |

| | Individual #6 |
|---|---|
| | |
| *Printed Individual Name* | *Signature* |
| | |
| *Address* | *Email Address* |

| | Individual #7 |
|---|---|
| | |
| *Printed Individual Name* | *Signature* |
| | |
| *Address* | *Email Address* |

**Individual #8**

Printed Individual Name | Signature

Address | Email Address

**Individual #9**

Printed Individual Name | Signature

Address | Email Address

**Individual #10**

Printed Individual Name | Signature

Address | Email Address

## CORPORATE/LLC/TRUST/OTHER ENTITY

**Corporate/LLC/Trust/Other Entity #1**

BRIDGELINK ENGINEERING, LLC;  777 MAIN STREET, STE 2800, FORT WORTH, TX 76102
Printed Principal or Indemnitor Name and Address

COLE W. JOHNSON, MEMBER OF BRIDGELINK ENGINEERING, LLC, MANAGER OF BRIDGELINK POWER OPERATING, LLC, SOLE MEMBER OF BRIDGELINK POWER, LLC, SOLE MEMBER OF BRIDGELINK POWER HOLDINGS, LLC.

*Cole W. Johnson*
35CDDF1D7CDD42C...

COLE.JOHNSON@CWJ-BL.COM

Printed Name and Title of Authorized Signer | Authorized Signature | Email Address

**Corporate/LLC/Trust/Other Entity #2**

BRIDGELINK ENGINEERING, LLC; 777 MAIN STREET, STE 2800, FORT WORTH, TX 76102
Printed Principal or Indemnitor Name and Address

CORD H. JOHNSON, MEMBER OF BRIDGELINK ENGINEERING, LLC, MANAGER OF BRIDGELINK POWER OPERATING, LLC, SOLE MEMBER OF BRIDGELINK POWER, LLC, SOLE MEMBER OF BRIDGELINK POWER HOLDINGS, LLC.

4F5F684DDE6A47A...

CORD@CHJ-BL.COM

Printed Name and Title of Authorized Signer | Authorized Signature | Email Address

**Corporate/LLC/Trust/Other Entity #3**

BRIDGELINK ENGINEERING, LLC; 777 MAIN STREET, STE 2800, FORT WORTH, TX 76102
Printed Principal or Indemnitor Name and Address

COLE W. JOHNSON, PRESIDENT

*Cole W. Johnson*
35CDDF1D7CDD42C...

COLE.JOHNSON@CWJ-BL.COM

Printed Name and Title of Authorized Signer | Authorized Signature | Email Address

**Corporate/LLC/Trust/Other Entity #4**

Printed Principal or Indemnitor Name and Address

Printed Name and Title of Authorized Signer | Authorized Signature | Email Address

DocuSign Envelope ID: E4292C6A-2F5F-42A4-BE29-F209691CC31A

**Corporate/LLC/Trust/Other Entity #5**

*Printed Principal or Indemnitor Name and Address*

_____

*Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address*

**Corporate/LLC/Trust/Other Entity #6**

*Printed Principal or Indemnitor Name and Address*

_____

*Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address*

**Corporate/LLC/Trust/Other Entity #7**

*Printed Principal or Indemnitor Name and Address*

_____

*Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address*

**Corporate/LLC/Trust/Other Entity #8**

*Printed Principal or Indemnitor Name and Address*

_____

*Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address*

**Corporate/LLC/Trust/Other Entity #9**

*Printed Principal or Indemnitor Name and Address*

_____

*Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address*

**Corporate/LLC/Trust/Other Entity #10**

*Printed Principal or Indemnitor Name and Address*

_____

*Printed Name and Title of Authorized Signer*     *Authorized Signature*     *Email Address*

**WALZ
CERTIFIED
MAILER®**

FROM **WALZ**

FORM #45663 VERSION: E0422

**Label #1**

Mr. Cord H. Johnson
15105 Stragazer Drive
Aledo,, TX 76008-1606

**Label #2**

Mr. Cord H. Johnson
15105 Stragazer Drive
Aledo,, TX 76008-1606

**Label #3**

Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206

**U.S. Postal Service®
CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

**USPS® ARTICLE NUMBER**

9414 7266 9904 2207 0943 75

| | |
|---|---|
| Certified Mail Fee | $ 4.35 |
| Return Receipt (Hardcopy) | $ 3.55 |
| Return Receipt (Electronic) | $ 0.00 |
| Certified Mail Restricted Delivery | $ 0.00 |
| Postage | $ 0.63 |
| Total Postage and Fees | $ 8.53 |

**Postmark
Here**

Sent to: Mr. Cord H. Johnson
15105 Stragazer Drive
Aledo,, TX 76008-1606

**Reference Information**

GMW
#1003.62 - Lttr. re. Collateral Request

PS Form 3800, Facsimile, July 2015

**A** FOLD AND TEAR THIS WAY ⟶ OPTIONAL

← TEAR ALONG THIS LINE →

**B**

**Label #4** — **Certified Article Number** — **SENDER'S RECORD**

9414 7266 9904 2207 0943 75

**Label #5 (OPTIONAL)**

Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206

**Label #6 - Return Receipt Barcode (Sender's Record)**

9590 9266 9904 2207 0943 78

**Label #7 - Certified Mail Article Number**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2207 0943 75

**RETURN RECEIPT REQUESTED**

FOLD AND TEAR THIS WAY ⟶

**C** FOLD AND TEAR THIS WAY ⟶

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Return Receipt (Form 3811) Barcode

9590 9266 9904 2207 0943 78

1. Article Addressed to:

Mr. Cord H. Johnson
15105 Stragazer Drive
Aledo,, TX 76008-1606

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2207 0943 75

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail

**Reference Information**

#1003.62 - Lttr. re. Collateral Request
GMW

PS Form 3811, Facsimile, July 2015    Domestic Return Receipt

Thank you for using Return Receipt Service

# WALZ

**WALZ CERTIFIED MAILER®**

FROM

FORM #45663 VERSION: E0422

**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

**Label #1**

Mr. Cole W. Johnson
777 Main Street, Suite 2800
Fort Worth,, TX 76102

**USPS® ARTICLE NUMBER**

9414 7266 9904 2207 0943 82

| | | |
|---|---|---|
| Certified Mail Fee | $ | 4.35 |
| Return Receipt (Hardcopy) | $ | 3.55 |
| Return Receipt (Electronic) | $ | 0.00 |
| Certified Mail Restricted Delivery | $ | 0.00 |
| Postage | $ | 0.63 |
| Total Postage and Fees | $ | 8.53 |

Postmark Here

**Label #2**

Mr. Cole W. Johnson
777 Main Street, Suite 2800
Fort Worth,, TX 76102

Sent to: Mr. Cole W. Johnson
777 Main Street, Suite 2800
Fort Worth,, TX 76102

**Label #3**

Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206

**Reference Information**

GMW
#1003.62 - Lttr. re. Collateral Request

TEAR ALONG THIS LINE

PS Form 3800, Facsimile, July 2015

**A** FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**B**

Label #5 (OPTIONAL)

Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206

**Certified Article Number**
**SENDER'S RECORD**
9414 7266 9904 2207 0943 82

**Label #4**

**Label #6 - Return Receipt Barcode (Sender's Record)**

9590 9266 9904 2207 0943 85

**Label #7 - Certified Mail Article Number**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2207 0943 82

**RETURN RECEIPT REQUESTED**

FOLD AND TEAR THIS WAY ⟶

**C** FOLD AND TEAR THIS WAY ⟶

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Return Receipt (Form 3811) Barcode

9590 9266 9904 2207 0943 85

1. Article Addressed to:

Mr. Cole W. Johnson
777 Main Street, Suite 2800
Fort Worth,, TX 76102

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2207 0943 82

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type:
☒ Certified Mail

**Reference Information**

#1003.62 - Lttr. re. Collateral Request

GMW

Thank you for using Return Receipt Service

PS Form 3811, Facsimile, July 2015                    Domestic Return Receipt

**WALZ**

FROM

WALZ
CERTIFIED
MAILER®

FORM #45663 VERSION: E0422

**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

| USPS® ARTICLE NUMBER |
| --- |
| 9414 7266 9904 2207 0943 99 |

Label #1

Mr. Cole W. Johnson
President
Bridgelink Engineering, LLC
777 Main Street, Suite 2800
Fort Worth,, TX 76102

Label #2

Mr. Cole W. Johnson
President
Bridgelink Engineering, LLC
777 Main Street, Suite 2800
Fort Worth,, TX 76102

Label #3

Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206

| | |
| --- | --- |
| Certified Mail Fee | $  4.35 |
| Return Receipt (Hardcopy) | $  3.55 |
| Return Receipt (Electronic) | $  0.00 |
| Certified Mail Restricted Delivery | $  0.00 |
| Postage | $  0.63 |
| Total Postage and Fees | $  8.53 |

Postmark
Here

Sent to: Mr. Cole W. Johnson
President
Bridgelink Engineering, LLC
777 Main Street, Suite 2800
Fort Worth,, TX 76102

GMW

**Reference Information**

#1003.62 - Lttr. re. Collateral Request

*TEAR ALONG THIS LINE*

PS Form 3800, Facsimile, July 2015

**A** FOLD AND TEAR THIS WAY ➝ OPTIONAL

**B**

Label #4

**Certified Article Number**

**SENDER'S RECORD**

9414 7266 9904 2207 0943 99

Label #5 (OPTIONAL)

Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206

Label #6 - Return Receipt Barcode (Sender's Record)

9590 9266 9904 2207 0943 92

Label #7 - Certified Mail Article Number

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2207 0943 99

RETURN RECEIPT REQUESTED

FOLD AND TEAR THIS WAY ➝

**C** FOLD AND TEAR THIS WAY ➝

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Return Receipt (Form 3811) Barcode

9590 9266 9904 2207 0943 92

1. Article Addressed to:

Mr. Cole W. Johnson
President
Bridgelink Engineering, LLC
777 Main Street, Suite 2800
Fort Worth,, TX 76102

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2207 0943 99

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type:
☒ Certified Mail

**Reference Information**

#1003.62 - Lttr. re. Collateral Request

GMW

Thank you for using Return Receipt Service

PS Form 3811, Facsimile, July 2015





Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206



**CERTIFIED MAIL®**

9414 7266 9904 2207 0943 99

RETURN RECEIPT REQUESTED



Mailed From 75206
04/25/2024
032A 0061847020

US POSTAGE
$09.92⁹
First-Class

Mr. Cole W. Johnson
President
Bridgelink Engineering, LLC
777 Main Street, Suite 2800
Fort Worth,, TX 76102



RECEIVED
6/24/24

#1003.0062

75206>1612

NIXIE          750    DE 1310       0006/22/24
          RETURN TO SENDER
              UNCLAIMED
          UNABLE TO FORWARD
BC: 75206161275       *2182-05812-22-12

C   FOLD AND TEAR THIS WAY ➡

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS,  FOLD AT DOTTED LINE

Return Receipt  (Form 3811) Barcode

|||||||||||||||||||||||||||||||||||||||

9590 9266 9904 2207 0943 92

1. Article Addressed to:

Mr. Cole W. Johnson
President
Bridgelink Engineering, LLC
777 Main Street, Suite 2800
Fort Worth,,  TX 76102

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2207 0943 99

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                       ☐ Agent
                                        ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type:
☒ Certified Mail

Reference Information

#1003.62 - Lttr. re. Collateral Request

GMW

Domestic Return Receipt

Thank you for using Return Receipt Service

Gregory M. Weinstein
Weinstein Radcliff Pipkin, LLP
8350 N. Central Expressway
Suite 1550
Dallas, TX 75206

**CERTIFIED MAIL**®



9414 7266 9904 2207 0943 82

RETURN RECEIPT REQUESTED



US POSTAGE
$09.92
First-Class
Mailed From 75206
04/25/2024
032A 0061847020

Mr. Cole W. Johnson
777 Main Street, Suite 2800
Fort Worth,, TX 76102

RECEIVED
6/24/24

NIXIE        750   DE 1310      0006/22/24

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 75206161275      *2182-05811-22-13

UNC

75206>1612

#.003.0062



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

C   FOLD AND TEAR THIS WAY

Return Receipt (Form 3811) Barcode

9590 9266 9904 2207 0943 65

1. Article Addressed to:

Mr. Cole W. Johnson
777 Main Street, Suite 2800
Fort Worth,, TX 76102

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2207 0943 62

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type:
☒ Certified Mail

Reference Information

#1003.62 - Lttr. re. Collateral Request
GMW

Thank you for using Return Receipt Service

Domestic Return Receipt