IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | **ANSWER TO COMPLAINT** |
| vs. | § § | Civil Action No. 4:24-cv-00619-O |
| BRIDGELINK ENGINEERING, LLC, CORD H. JOHNSON and COLE W. JOHNSON, | § § § § § | |
| Defendants. | § § | |

Defendant Cord H. Johnson, ("Defendant"), hereby answers Plaintiff U.S. Specialty Insurance Company ("Plaintiff") Complaint filed on July 2, 2024 (the "Complaint"). Defendant responds to the Complaint as follows:

1. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint that reference a Delaware limited liability company and members of Bridgelink Engineering, LLC ("Bridgelink"). Defendant denies knowledge or information sufficient to form a belief with respect to the remainder of the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant need not admit or deny the allegations contained in paragraph 5 of the Complaint as they represent a conclusion of venue.

6. Defendant need not admit or deny the allegations contained in paragraph 6 of the Complaint as they represent a conclusion of venue.

7. Defendant need not admit or deny the allegations contained in paragraph 7 of the Complaint as they represent a conclusion of venue.

8. Defendant need not admit or deny the allegations contained in paragraph 8 of the Complaint as they represent a conclusion of venue. Any factual allegations are denied.

9. In paragraph 9 of the Complaint, Defendant admits signing the Indemnity Agreement. Defendant denies the remainder of the allegations contained in paragraph 9 of the Complaint.

10. As to the allegations in paragraph 10 of the Complaint, the document speaks for itself, and therefore Defendant need not admit or deny same.

11. As to the allegations in paragraph 11 of the Complaint, the document speaks for itself, and therefore Defendant need not admit or deny same.

12. Insofar, and insofar only, as to the allegation that the Bond was issued, Defendant admits the allegations in paragraph 12 of the Complaint. Defendant denies the remainder of the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraphs 13 of the Complaint.

14. Defendant admits the allegations regarding the lawsuit contained in paragraph 14 of the Complaint. However, the claim asserted under the Bond was disputed.

15. Insofar, and insofar only, as to the allegation that the demand letter was issued, Defendant admits the allegations in paragraph 15 of the Complaint. Defendant denies the remainder of the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint as they represent conclusions of law. Defendant denies all remaining allegations of fact contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint as they represent conclusions of law.

18. Defendant admits or denies the allegations stated in paragraph 18 of the Complaint as stated above.

19. In paragraph 19 of the Complaint, Defendant admits signing the Indemnity Agreement. Defendant denies the remainder of the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint as they represent conclusions of law.

21. Defendant denies the allegations contained in paragraph 22 of the Complaint as they represent conclusions of law.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint as they represent conclusions of law.

23. Defendant admits or denies the allegations stated in paragraph 23 of the Complaint as stated above.

24. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 24 of the Complaint and therefore denies same.

25. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 24 of the Complaint and therefore denies same.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint as they represent conclusions of law.

27. Defendant admits or denies the allegations stated in paragraph 27 of the Complaint as stated above.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint as they represent conclusions of law.

29. Insofar, and insofar only, as to the allegation that the demand letter was issued, Defendant admits the allegations in paragraph 29 of the Complaint. Defendant denies the remainder of the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint as they represent conclusions of law.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint as they represent conclusions of law.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint as they represent conclusions of law.

33. Defendant admits or denies the allegations stated in paragraph 33 of the Complaint as stated above.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint as they represent conclusions of law.

35. Defendant admits or denies the allegations stated in paragraph 35 of the Complaint as stated above.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint as they represent conclusions of law.

39. Defendant admits or denies the allegations stated in paragraph 39 of the Complaint as stated above.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint as they represent conclusions of law and demand for relief.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint as they represent conclusions of law and demand for relief.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint as they represent conclusions of law and demand for relief.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint and therefore denies same.

44. Defendant admits or denies the allegations stated in paragraph 44 of the Complaint as stated above.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint as they represent conclusions of law.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint as they represent conclusions of law and demand for relief.

47. Defendant admits or denies the allegations stated in paragraph 47 of the Complaint as stated above.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint as they represent conclusions of law and demand for relief.

49. To the extent not specifically enumerated or identified herein, Defendant denies each and every such allegation of the Complaint.

50. By way of further answer, if such be necessary, and without waiving the foregoing, by their action and/or inaction, Plaintiff is estopped from asserting the claims for relief contained herein.

## AFFIRMATIVE DEFENSES

51. By way of further answer, if such be necessary, and without waiving the foregoing, by their action and/or inaction, Plaintiff has waived the claims for relief contained herein.

52. By way of further answer, if such be necessary, and without waiving the foregoing, Plaintiff's claims are barred by the doctrine of unclean hands.

53. By way of further answer, if such be necessary, and without waiving the foregoing, Plaintiff's claims are barred by no damages.

54. By way of further answer, if such be necessary, and without waiving the foregoing, Plaintiff's claims are barred by the doctrine of laches.

55. By way of further answer, if such be necessary, and without waiving the foregoing, Plaintiff's claims are barred by the doctrine of failure of consideration.

56. By way of further answer, if such be necessary, and without waiving the foregoing, Plaintiff's claims are barred for the failure to observe conditions precedent.

57. By way of further answer, if such be necessary, and without waiving the foregoing, Plaintiff's claims are barred by the doctrine of estoppel.

58. By way of further answer, if such be necessary, and without waiving the foregoing, Plaintiff's Complaint fails to state a viable claim.

Dated: July 26, 2024

                KEARNEY, MCWILLIAMS & DAVIS

                By: /s/Vikesh N. Patel
                    Vikesh N. Patel
                    SBN: 24124350
                    vpatel@kmd.law
                    Stacey L. Barnes
                    SBN: 24006800
                    sbarnes@kmd.law
                    55 Waugh Drive, Suite 150
                    Houston, TX 77007
                    Tel: (713) 736-9620 x108
                    Fax: (713) 999-5287
                    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 26th day of July 2024, a true and correct copy of the foregoing instrument was served on all parties and counsel of record in accordance with the Rules of Civil Procedure.

                    */s/Vikesh N. Patel*
                    Vikesh N. Patel